UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DEWAYNE SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>JUSTIN BANGS; C. WADE; J.<br>PROCTOR; MATTHEW SIMMONS;<br>LESLIE DUNCAN; JOHN DOES I–X;<br>and JANE DOES I–X,<br><br>                    Defendants. | Case No. 2:22-cv-00426-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER and CASE MANAGEMENT<br>ORDER** |

Plaintiff Chadlen DeWayne Smith, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion for Summary Judgment"). (Dkt. 18.)

Plaintiff's motions for extensions of time will be granted, and the Motion for Summary Judgment is now ripe for adjudication. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following order granting the Motion for Summary Judgment in part, denying it in part, and deeming it moot in part.

# BACKGROUND

The Court previously described Plaintiff's allegations as follows:

> Plaintiff asserts that, on October 2, 2020, he was on public property, apparently at or near the Kootenai County Jail; Plaintiff was using a video camera to record certain portions of the building. Officer Justin Bangs arrived and began yelling at Plaintiff. Bangs threatened to have Plaintiff arrested for trespass if he did not leave. Plaintiff then left. *Compl.*, Dkt. 2, at 3–4.
>
> On June 21, 2021, Plaintiff again engaged in video recording of a public building—this time, the Department of Motor Vehicles. He "spent a few minutes walking around outside filming the building and other scenery before going inside to record." *Id.* at 6. After about ten minutes, Plaintiff left. Officer C. Wade wrote a police report about this incident. Officer J. Proctor reviewed Wade's report, requested a summons from the Coeur d'Alene City Prosecutor's Office, and submitted it to a supervisor "so they could submit it to the prosecutor." *Id.* at 8.
>
> At some later point, County Commissioner Duncan decided to pursue charges against Plaintiff. Plaintiff was charged with trespass. *Id.* at 6. Assistant City Attorney Matthew Simmons filed criminal trespass and stalking charges against Plaintiff. These charges were later dismissed. *Id.* at 10.
>
> Plaintiff claims that Defendants violated his right to free speech and that the trespass and stalking charges were pursued in retaliation for Plaintiff's video recording. He asserts also that Defendants' actions violated the Fourth Amendment, deprived Plaintiff of due process, and constituted malicious prosecution.

*Init. Rev. Order*, Dkt. 9, at 4–5.

Plaintiff was permitted to proceed on his claims that Defendants violated his civil rights under 42 U.S.C. § 1983. *Id*.

## DISCUSSION

**1.     Standard of Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is also appropriate where the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 at n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

A complaint fails to state a claim for relief if the factual assertions in the complaint are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Because the parties have submitted evidence outside the pleadings—evidence that is not properly subject to judicial notice—the Court will treat the Defendants' motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d).

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment …." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). Rather, there must be no *genuine* dispute

as to any *material* fact in order for a case to survive summary judgment. Material facts are those "that might affect the outcome of the suit." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or the party may show that the adverse party is unable to produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *So. Ca. Gas Co.*, 336 F.3d at 889.

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed.

R. Civ. P. 56(e)(2). The Court must grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

## 2.      Discussion

Defendants make three arguments in their Motion for Summary Judgment. First, they argue that Plaintiff's claims against Defendant Bangs must be dismissed as untimely. Second, they argue that any state law claims are barred because Plaintiff failed to comply with the Idaho Tort Claims Act. Third, they argue that the Complaint fails to state a claim for which relief can be granted against Defendant Duncan.

### A.      *The Complaint Appears to Be Timely*

In Idaho, federal civil rights actions are governed by a two-year statute of limitations. Idaho Code § 5-219; *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Officer Bangs's actions described in the Complaint occurred on October 2, 2020. *Compl.* at 2–3. Because the Clerk of Court did not receive Plaintiff's Complaint in this action until

October 11, 2022, Defendants argue that the claims against Officer Bangs were filed nine days too late.

The Court disagrees. The "prison mailbox rule" provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually received by the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions). Plaintiff has submitted evidence that he delivered the Complaint to the authorities for filing by mail on September 30, 2022—two days before the limitations period expired on October 2, 2022. *Aff. of Chadlen Smith*, Dkt. 27, at 3. Though Defendants respond with evidence that Plaintiff did not deliver the Complaint until October 3, 2022, *see* Dkt. 39-1 at 11—after the limitations period expired—this is a genuine dispute of material fact that cannot be resolved on the current record.

Because Plaintiff is likely entitled to the benefit of the prison mailbox rule, and because he may have delivered the Complaint to prison authorities for mailing within the statute of limitations period, this portion of Defendants' Motion for Summary Judgment will be denied.

### B.  *The Request to Dismiss State Law Claims Is Moot*

Defendants ask the Court to dismiss any state law claims for failure to comply with the Idaho Tort Claims Act, *see* Idaho Code §§ 6-901 *et seq*. However, Plaintiff has clarified that he is not asserting any state law claims. *Aff. of Chadlen Smith*, Dkt. 27, at 2. Therefore, this portion of Defendants' Motion for Summary Judgment will be deemed moot.

**C.    *The Complaint Fails to State a Plausible Claim against Defendant Duncan***

Finally, Defendants claim that the Complaint fails to state a claim upon which relief may be granted as to Defendant Duncan. The Court agrees.

The Complaint's only factual allegation against Defendant Duncan is that, at some point, she decided to charge Plaintiff with trespass—an offense for which he had been cited by a police officer. Plaintiff has not plausibly suggested that Duncan was motivated by any sort of malicious or improper motive. At most, the Complaint plausibly alleges only that Duncan pursued criminal charges that—at least to Duncan's knowledge—were properly initiated by police officers. Therefore, Plaintiff has failed to state plausible § 1983 claims against Defendant Duncan.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motions for Extensions of Time (Dkt. 21 and 24) to respond to the Motion for Summary Judgment are GRANTED.

2.    Defendants' Motion for Summary Judgment (Dkt. 18) is GRANTED IN PART, DENIED IN PART, and DEEMED MOOT IN PART. All claims against Defendant Duncan are DISMISSED, and Leslie Duncan is TERMINATED as a party to this case.

3.    Defendants must file an answer to the Complaint within 21 days after entry of this Order.

4.    The Court modified the pretrial schedule as follows:

a.   Motions to amend must be filed, along with a proposed amended pleading, no later than 150 days after entry of this Order.

b.   Discovery must be completed no later than 270 days after entry of this Order.

c.   Dispositive motions must be filed no later than 300 days after entry of this Order.

DATED: January 26, 2024

David C. Nye
Chief U.S. District Court Judge