PETER C. ERBLAND -- ISBA #2456
perbland@lclattorneys.com
JENNIFER FEGERT– ISBA #7187
jfegert@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Ave., Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DWAYNE SMITH,<br><br>  Plaintiff,<br><br>vs.<br><br>JUSTIN BANGS, C. WADE, J. PROCTOR, MATTHEW SIMMONS, JOHN DOES I-X; JANE DOES I-X,<br><br>  Defendants. | Case No. 2:22-cv-00426-DCN<br><br>**ANSWER TO COMPLAINT** |

COMES NOW the defendants, by and through their attorney of record, Jennifer Fegert of the firm Lake City Law Group PLLC, and hereby answers the plaintiff's prisoner's civil rights complaint as follows:

**GENERAL**

Defendants deny each and every allegation not expressly and specifically admitted in this Answer.  The paragraph numbers in this answer correspond with the page and paragraph numbers in the Complaint.  Because plaintiff's complaint is drafted in narrative form and alleges several

causes of actions against several defendants, the defendants will answer the complaint by page number and paragraph, where delineated.

## A.  JURISDICTION

Defendants admit that plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 but deny any violations thereof.  Defendants deny that this court has supplemental jurisdiction over any state law claims alleged by plaintiff as plaintiff's state law claims are barred for failure to comply with the Idaho Tort Claims Act, Idaho Code § 6-901 *et seq*.

## B.  PLAINTIFF

Upon information and belief, defendants admit the allegations on page 1, paragraph B of plaintiff's complaint.

## PAGE 2, PARAGRAPH C:
## CLAIMS AGAINST DEFENDANT JUSTIN BANGS

1.Defendants admit that at all times relevant to this matter, Officer Justin Bangs was acting within the course and scope of his employment as a police officer for the City of Coeur d'Alene Police Department.  Defendants deny any wrongful acts or omissions under state or federal law.

2.Defendants admit the following with regard to plaintiff's factual allegations against Officer Bangs: that on or about October 2, 2020, plaintiff was video recording near or around 451 N. Government Way, Kootenai County, Idaho; that Officer Bangs arrived on scene and approached the plaintiff; that Officer Bangs informed the plaintiff that he was responding to a call of a suspicious person; that Officer Bangs informed the plaintiff that he was being asked to leave the property and that plaintiff was being trespassed; that plaintiff refused to identify himself and was argumentative with Officer Bangs; that the encounter was recorded on Officer Bangs' body camera

and that the video is a true and accurate representation of what was said to plaintiff at the time of the encounter and the actions taken or not taken by Officer Bangs.

Defendants are without sufficient information to admit or deny the purpose of plaintiff's being at the property or video recording and therefore deny the same.

Defendants deny the remaining allegations made against Officer Bangs. Defendants specifically deny that Officer Bangs accosted the plaintiff or physically touched him in any way; specifically deny that Officer Bangs unlawfully seized plaintiff or prevented him from leaving freely; specifically deny any wrongful acts or omissions under state or federal law.

3. Paragraph 3 does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny that Officer Bangs violated the plaintiff's rights under the U.S. Constitution, federal statute or state law.

4. Defendants deny the allegations contained in paragraph 4, page 2 of the complaint.

5. Page 2, paragraph 5 of the complaint does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny the same.

6. Defendants admit and aver that at all times relevant to this matter, Officer Bangs was working within the course and scope of his employment as a law enforcement officer and in his official capacity. Defendants deny that Officer Bangs is liable in his personal capacity.

7. Page 2, paragraph 7 does not contain factual allegations against these answering defendants and therefore no answer is required.

//

//

**ANSWER TO COMPLAINT - 3**

## PAGE 6, PARAGRAPH C:
## CLAIMS AGAINST OFFICER CRAIG WADE

1.  Defendants admit that at all times relevant to this matter, Officer Craig Wade was acting within the course and scope of his employment as a police officer for the City of Coeur d'Alene Police Department. Defendants deny any wrongful acts or omissions under state or federal law.

2.  Defendants admit the following with regard to plaintiff's factual allegations against Officer Wade: that on or about June 21, 2021, plaintiff was video recording near or around 451 N. Government Way, Kootenai County, Idaho; that plaintiff had been previously trespassed from that location; that Officer Wade responded to that location and spoke with the complaining parties and that interaction was recorded on his body camera; that Officer Wade prepared an incident report regarding Mr. Smith's trespassing; that Officer Wade was informed by Commissioner Leslie Duncan that the County wanted Mr. Smith trespassed.

Defendants are without sufficient information to admit or deny the purpose of plaintiff's being at the property or video recording and therefore deny the same.

Defendants deny the remaining allegations made against Officer Wade. Defendant Wade specifically denies any wrongful acts or omissions under state or federal law.

3.  Page 7, paragraph 3 does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny that Officer Wade violated the plaintiff's rights under the U.S. Constitution, federal statute or state law.

4.  Defendants deny the allegations contained in paragraph 4, page 7 of the complaint.

5.  Page 7, paragraph 5 of the complaint does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny the same.

**ANSWER TO COMPLAINT - 4**

6. Defendants admit and aver that at all times relevant to this matter, Officer Wade was working within the course and scope of his employment as a law enforcement officer and in his official capacity.  Defendants deny that Officer Wade is liable in his personal capacity.

### PAGE 8, PARAGRAPH C:
### CLAIMS AGAINST JACOB PROCTOR

1. Defendants admit that at all times relevant to this matter, Officer Jacob Proctor was acting within the course and scope of his employment as a police officer for the City of Coeur d'Alene Police Department.  Defendants deny any wrongful acts or omissions under state or federal law.

2. Defendants admit the allegations in paragraph 2 against Officer Proctor and aver that Officer Proctor's supplemental report is a document of record that speaks for itself.

3. Paragraph 3 does not contain factual allegations against these answering defendants and therefore no answer is required.  If an answer is required, defendants deny that Officer Proctor violated the plaintiff's rights under the U.S. Constitution, federal statute or state law.

4. Defendants deny the allegations contained in paragraph 4, page 8 of the complaint.

5. Page 8, paragraph 5 of the complaint does not contain factual allegations against these answering defendants and therefore no answer is required.  If an answer is required, defendants deny the same.

6. Defendants admit and aver that at all times relevant to this matter, Officer Proctor was working within the course and scope of his employment as a law enforcement officer and in his official capacity.  Defendants deny that Officer Proctor is liable in his personal capacity.

//

//

**ANSWER TO COMPLAINT - 5**

## PAGE 10, PARAGRAPH C:
## CLAIMS AGAINST MATTHEW SIMMONS

1. Defendants admit that at all times relevant to this matter, Matthew Simmons was employed by the City of Coeur d'Alene, Idaho and was acting within the course and scope of his employment as a Civil Prosecuting Attorney.

2. Defendants admit the following with regard to plaintiff's factual allegations against Prosecutor Simmons: that on or about September 9, 2021, a criminal complaint was filed against plaintiff for trespass and a summons issued; that the presiding judge found probable cause; that plaintiff was required to appear in court; that the criminal charges were subsequently dismissed.

Defendants deny the remaining allegations made against Defendant Simmons. Defendants specifically deny any wrongful acts or omissions under state or federal law.

3. Page 11, paragraph 3 does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny that Defendant Simmons violated the plaintiff's rights under the U.S. Constitution, federal statute or state law.

4. Defendants deny the allegations contained in paragraph 4, page 11 of the complaint.

5. Page 11, paragraph 5 of the complaint does not contain factual allegations against these answering defendants and therefore no answer is required. If an answer is required, defendants deny the same.

6. Defendants admit and aver that at all times relevant to this matter, Defendant Simmons was working within the course and scope of his employment as a civil prosecutor and in his official capacity. Defendants deny that Defendant Simmons is liable in his personal capacity.

//

**ANSWER TO COMPLAINT - 6**

## D. PREVIOUS OR PENDING LAWSUITS

Paragraph D does not contain factual allegations against these answering defendants and therefore no answer is required.

## E. REQUEST FOR APPOINTMENT OF ATTORNEY

Paragraph E does not contain factual allegations against these answering defendants and therefore no answer is required.

## AFFIRMATIVE DEFENSES

A.  Discovery, investigation and research may show that one or more claims in plaintiff's complaint fails to state a cause of action upon which relief may be granted.

B.  The alleged actions of the defendants, if any, do not rise to the level of a deprivation of a constitutionally protect right or statutory right.  By asserting this defense, defendants do not admit any wrongdoing, but deny the same unless specifically and expressly admitted herein.

C.  Any and all conduct on the part of the defendants, with respect to the matters alleged in plaintiff's complaint, was lawful and performed within their duties and responsibilities law enforcement officers, in good faith, and with the belief that such acts were proper and appropriate.

D.  Discovery, investigation, and research may show that one or more claims in plaintiff's complaint are barred for failure to timely file within the applicable statute of limitations.

E.  Defendants are entitled to qualified immunity on plaintiff's federal law claims and immunity on plaintiff's state law claims pursuant to the Idaho Tort Claims Act.

F.  Plaintiff's state law claims are barred for failure to comply with the Idaho Tort Claims Act, Idaho Code § 6-901 *et seq*.

G.  Defendant Matthew Simmons is entitled to prosecutorial immunity.

H.  Plaintiff did not suffer any compensable damages.

ANSWER TO COMPLAINT - 7

I.     Defendant Officers were acting under color of law and within the course and scope of their employment at all times complained of by plaintiff. Defendant Officers are therefore not liable in their personal capacities.

J.     Whereas discovery is just beginning, defendants reserve the right to modify and amend the answer to the complaint in this matter.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, defendants hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for judgment against plaintiff as follows:

1. That plaintiff's complaint be dismissed and the plaintiff recover nothing;

2. The defendants be awarded their costs of suit and reasonable attorney fees incurred in defending this action; and

3. Defendants be awarded such other and further relief as the Court deems proper.

DATED this 14th day of February, 2024.

                LAKE CITY LAW GROUP PLLC

                /s/ *Jennifer H. Fegert*
                JENNIFER H. FEGERT
                Attorney for Defendants

**ANSWER TO COMPLAINT - 8**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2024, I filed the foregoing electronically through the CM/ECF system,

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF registered participants in the manner indicated:

Via First Class Mail, postage prepaid addressed as follows:

*Plaintiff, pro* se:

Chadlen DeWayne Smith
#97703
Idaho State Correctional Institution
P.O. Box 70010
Boise, ID 83707

☒ : U.S. Mail

/s/ *Nicky Hastings*
Nicky Hastings

**ANSWER TO COMPLAINT - 9**